ELLEN B. HANSON, Respondent, v. THOMAS A. RUSSELL, Appellant.

St. Louis Court of Appeals, April 29, 1898.

Evidence: VERDICT ON CONFLICTING EVIDENCE NOT DISTURBED BY APPELLATE COURT. Where the evidence is conflicting, the finding of the jury is conclusive.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED CONDITIONALLY.

MERRYFIELD W. HUFF, WILLIAM A. ALDERSON, H. CHOUTEAU DYER for appellant.

There was an acceptance by the respondent of the surrender of the premises by the appellant, and, in law, this concludes the respondent from all right of action against the appellant. This proposition is supported by the following authorities: Whitehead v. Clifford, 5 Taunt. 518; Dodd v. Acklom, 6 M. & G. 672; Talbot v. Whipple, 14 Allen, 177; Elliott v. Aiken, 45 N. H. 30; Duffy v. Day, 42 Mo. App. 638; Churchill v. Lammers, 60 Mo. App. 244; Kerr v. Clark, 19 Mo. 132; Matthews v. Tobener, 39 Mo. 115; Huling v. Roll, 43 Mo. App. 234. It is clearly seen that the only question of surrender of the premises and acceptance thereof submitted to the jury was conditioned on the payment of the $40 by the defendant, and its acceptance as a release of the appellant from further liability to the respondent. The instruction omitted to submit to the jury whether by the action of the respondent she had not, irrespective and regardless of the payment of the

$40 on the conditions set forth in the letter which the check accompanied, accepted a surrender of the premises, and thereby been precluded from any right of action against the appellant; for without any payment whatever there was much material evidence tending to show a surrender of the premises by the appellant and the acceptance thereof by the respondent, such as may be presumed or inferred by the law from the action of a landlord. This was a material issue in the case, and the instruction, having omitted it, was defective and erroneous; and for such reason the judgment should be reversed and the cause remanded. Clark v. Hammerly, 27 Mo. 55; Sawyer v. R. R., 37 Mo. 240; Fitzgerald v. Hayward, 50 Mo. 516; Ellis v. Wagner, 24 Mo. App. 407; Hohstadt v. Daggs, 50 Mo. App. 240; Cameron v. Hart, 57 Mo. App. 142; Carroll v. People's R'y, 60 Mo. App. 465.

L. FRANK OTTOFY for respondent.

All the evidence is not contained in the bill of exceptions, hence this court will not review the case either upon the evidence or the instructions. State v. Buck, 130 Mo. 480; Carpenter v. McDavitt, 66 Mo. App. 1; Chemical Co. v. Nickells, 66 Mo. App. 678. The evidence being conflicting, this court will not interfere with the judgment of the trial court, simply on the ground that it is against the weight of evidence. Downing v. R'y, 70 Mo. App. 657. There is no evidence of a surrender by agreement of parties. The only claim can be a surrender by operation of law. To effect this there must be evidence that another person became a tenant and paid rent to the landlord. An endeavor to rent amounts to nothing. Buck v. Lewis, 46 Mo. App. 227; Duffy v. Day, 42 Mo. App. 638; Huling v. Roll, 43 Mo. App. 234. There is no evidence of an accept-

ance of the surrender, which is essential to its complete-
ness.   Churchill v. Lammers, 60 Mo. App. 248, 249.
Even the acceptance of the keys and use of the prem-
ises by the landlord, in the absence of an agreement
to acquit, is no defense to this action.   Livermore v.
Eddy, 33 Mo. 547.

BIGGS, J.—The plaintiff leased to the defendant a
furnished house from May 13, 1892, to October 1, 1892,
at an agreed rent of $40 per month.   The defendant
occupied the house for about ten days, when he aban-
doned it for the alleged reason that it had been stripped
of a great deal of the furniture after he had first
inspected it and had signed the lease.   He paid the
rent for the first month and refused to pay any more.
This action is to recover the balance of the rent, to wit,
$144 with interest thereon from October 12, 1892.
The cause was tried on November 11, 1897.   The jury
returned a verdict for $187.92.   The defendant has
appealed and assigns for error the insufficiency of the
evidence to support the judgment; that the judgment
is excessive and that the court's charge to the jury is
faulty.

The first contention of the defendant is that the
actions and conduct of the plaintiff prove conclusively
that she accepted the surrender of the premises with
the intention of releasing the defendant from the pay-
ment of further rent; and secondly, that the evidence
conclusively shows a positive agreement by her that
defendant should not be held to the performance of his
contract.

The first proposition is true in a measure only.
That the defendant abandoned the premises is not dis-
puted, and that afterward plaintiff locked the doors
and assumed control of the house is likewise undisputed.
But plaintiff testified that she found the doors of the

house open; that the house and fences were being destroyed, and that she took possession only for the purpose of preserving the house, and with no intention of releasing the defendant from his obligation to pay rent. These statements of the plaintiff are not inconsistent with her conduct prior to September 1, and the finding of the jury that up to that date she had not assumed control or possession of the house on her own account must be upheld. However, on her cross-examination she admitted that on the first day of September she began to use the house as her residence. Under this admission the defendant was not liable for the rent for that month.

Concerning the second proposition the evidence is conflicting, therefore the finding of the jury is conclusive against the defendant. The agent FINDING of jury conclusive on conflicting evidence. of the plaintiff testified that she accepted the key to the house, and that in consideration of the payment of one month's rent she agreed to release the defendant. The plaintiff denied this.

The instruction of the court is lengthy and need not be set out. It presented the case fairly to the jury, except it failed to direct a finding in favor of the defendant as to the rent for the last month, for which, as we have attempted to show, the defendant was not liable. The verdict and judgment were for the entire amount of the rent, less the amount paid, hence the defendant was prejudiced. This error in the instructions and judgment call for a reversal of the judgment, unless the plaintiff will remit the excess, to wit, $52.25. If this remittitur is entered within ten days after the opinion is filed, the judgment will be affirmed for the residue, otherwise the judgment will be reversed and the cause remanded. All concur.